FILED
2013 OCT -9 AM 11: 29

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2013 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANGEL CASTANEDA,<br>FNU LNU,<br>  aka "Poly,"<br>JORGE LNU,<br>RICARDO SALAS,<br>MELVIN GONZALEZ,<br>  aka "Giovanni,"<br>  aka "Jovani Reyes,"<br>  aka "Zerote," and<br>LUIS RAMIREZ JR.,<br><br>    Defendants. | CR No. 13 CR 13 00734<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 2: Aiding and Abetting] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.  OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing until on or about September 25, 2013, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendants ANGEL CASTANEDA ("CASTANEDA"), First Name

Unknown ("FNU") Last Name Unknown ("LNU"), also known as ("aka") "Poly" ("POLY"), JORGE LNU ("JORGE"), RICARDO SALAS ("SALAS"), MELVIN GONZALEZ, aka "Giovanni," aka "Jovani Reyes," aka "Zerote" ("GONZALEZ"), and LUIS RAMIREZ JR. ("RAMIREZ"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, and at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

B.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished in substance as follows:

1.  Defendant CASTANEDA would coordinate the transportation and importation into the United States of methamphetamine from drug suppliers in Mexico, such as defendants POLY and JORGE.

2.  Defendant SALAS would coordinate with defendant CASTANEDA to receive methamphetamine in the Los Angeles area for the purpose of selling the methamphetamine to others.

3.  Defendant RAMIREZ would receive methamphetamine from defendants SALAS and CASTANEDA to transport to others.

4.  Defendant GONZALEZ would receive and carry out instructions from defendant CASTANEDA regarding the receipt and storage of methamphetamine once it had been transported to the

United States by drug couriers working for defendants POLY, JORGE, and CASTANEDA.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy and to accomplish the object of the conspiracy, on or about the following dates and times, defendants CASTANEDA, POLY, JORGE, SALAS, GONZALEZ, and RAMIREZ, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

1. On August 4, 2013, at 9:59 p.m., using coded language in a telephone call, defendant SALAS asked defendant CASTANEDA to have six units of drugs delivered to him the next morning.

2. On August 5, 2013, at 10:36 a.m., using coded language in a telephone call, defendant CASTANEDA asked defendant JORGE to call a drug courier to deliver six units of drugs to defendant CASTANEDA.

3. On August 5, 2013, at 11:30 a.m., using coded language in a telephone call, defendant CASTANEDA advised defendant SALAS that the drug courier was on his way with the drugs.

4. On August 5, 2013, at 1:15 p.m., using coded language in a telephone call, defendant CASTANEDA asked the drug courier if he was on his way and the drug courier indicated that he had not yet received his instructions.

5. On August 5, 2013, at 1:50 p.m., using coded language in a telephone call, defendant CASTANEDA asked defendant POLY about the status of the drug courier, and defendant POLY advised that he was talking with the drug courier and that the drug

courier would deliver the drugs to defendant CASTANEDA after running an errand.

6. On August 5, 2013, at 1:59 p.m., using coded language in a telephone call, defendant CASTANEDA advised defendant SALAS that the drug courier was on his way.

7. On August 5, 2013, at 3:52 p.m., using coded language in a telephone call, defendants CASTANEDA and SALAS agreed to meet at defendant SALAS's car wash located in Huntington Park, California, so that they could receive the drugs from the drug courier.

8. On August 5, 2013, at 4:35 p.m., using coded language in a telephone call, defendant POLY advised defendant CASTANEDA that the drug courier would be arriving soon.

9. On August 5, 2013, in Huntington Park, California, defendants CASTANEDA and SALAS met with the drug courier, who delivered approximately two pounds of methamphetamine to them.

10. On August 5, 2013, at 4:48 p.m., using coded language in a telephone call, defendant CASTANEDA informed defendant POLY that the drug courier had delivered only two pounds of methamphetamine, and defendant POLY explained that the drug courier would come back later with more drugs.

11. On August 5, 2013, in Huntington Park, California, defendant RAMIREZ met defendant SALAS at defendant SALAS's car wash to pick up methamphetamine from defendant SALAS.

12. On August 5, 2013, near Huntington Park, California, defendant RAMIREZ possessed in his vehicle approximately two pounds, that is, approximately 859.7 grams, of pure methamphetamine, when he was stopped by law enforcement.

13. On August 5, 2013, at 6:00 p.m., using coded language in a telephone call, defendant SALAS advised defendant CASTANEDA to "abort everything" because defendant RAMIREZ had been stopped by law enforcement.

14. On August 16, 2013, at 10:03 a.m., using coded language in a telephone call, defendant POLY advised defendant CASTANEDA that his drugs had arrived in San Diego and would probably stay for a day in San Diego before being delivered to defendant CASTANEDA.

15. On August 16, 2013, at 11:37 a.m., using coded language in a telephone call, defendant POLY instructed defendant CASTANEDA to send money for the drugs using Western Union.

16. On August 19, 2013, at 3:23 p.m., using coded language in a telephone call, defendant CASTANEDA informed defendant GONZALEZ that drugs would be arriving soon.

17. On August 19, 2013, at 4:45 p.m., using coded language in a telephone call, defendant CASTANEDA advised defendant GONZALEZ that he had not yet heard about the drug delivery, but if the delivery did not occur that night, it would happen early the next day.

18. On August 19, 2013, at 4:53 p.m., using coded language in a telephone call, an unidentified co-conspirator advised defendant CASTANEDA that the area had been too busy and that they would attempt to deliver the drugs the following day.

19. On August 19, 2013, at 4:58 p.m., using coded language in a telephone call, defendant CASTANEDA complained to defendant JORGE about how long the drug delivery was taking, and defendant

5

JORGE advised defendant CASTANEDA to call defendant POLY, which defendant CASTANEDA refused to do.

20. On August 19, 2013, at 5:17 p.m., using coded language in a telephone call, defendant CASTANEDA informed defendant GONZALEZ that the drugs had not arrived and the delivery would be the next day.

21. On August 19, 2013, at 7:40 p.m., using coded language in a telephone call, defendant JORGE told defendant CASTANEDA that the drugs would be delivered the next day.

22. On August 20, 2013, at 12:59 p.m., using coded language in a telephone call, defendant CASTANEDA advised defendant GONZALEZ that he was waiting for a telephone call and that the drug delivery would have to be done that day or the next.

23. On August 20, 2013, at 4:38 p.m., using coded language in a telephone call, an unindicted co-conspirator advised defendant CASTANEDA that they were heading over to defendant CASTANEDA with the drugs.

24. On August 20, 2013, at 4:59 p.m., using coded language in a telephone call, defendant CASTANEDA instructed defendant GONZALEZ not to turn off his telephone because the drugs were on their way and they might need to be taken to defendant GONZALEZ's home.

25. On August 20, 2013, at 5:26 p.m., using coded language in a telephone call, defendant JORGE advised defendant CASTANEDA that he had been told that the drug courier was on his way to defendant CASTANEDA with the drugs.

26. On August 20, 2013, at 8:05 p.m., using coded language

in a telephone call, defendant CASTANEDA told defendant JORGE that he did not believe the drug delivery was going to happen because it had been four hours, and defendant JORGE told defendant CASTANEDA to call defendant POLY.

27. On August 21, 2013, at 12:15 p.m., using coded language in a telephone call, defendant CASTANEDA asked an unindicted co-conspirator where the drugs were, and the unindicted co-conspirator said they were going to transport them as soon as they could and that defendant CASTANEDA would be their first stop.

28. On August 21, 2013, at 2:52 p.m., using coded language in a telephone call, defendant CASTANEDA instructed defendant GONZALEZ to wait outside Mem's Auto Service, an auto body shop in Lynwood, California, run by defendants CASTANEDA and GONZALEZ, for the drug courier.

29. On August 21, 2013, at 2:59 p.m., using coded language in a telephone call, defendants CASTANEDA and GONZALEZ discussed with an unidentified co-conspirator the amount of money defendant CASTANEDA was going to give to the unidentified co-conspirator in exchange for the narcotics she had transported.

30. On August 21, 2013, at 3:06 p.m., using coded language in a telephone call, defendant CASTANEDA instructed defendant GONZALEZ to take the drugs to defendant GONZALEZ's house and told him that they would make further arrangements the next day.

31. On August 21, 2013, at 5:28 p.m., using coded language in a telephone call, defendant CASTANEDA agreed with defendant POLY to store narcotics for defendant POLY's drug customers.

32. On September 12, 2013, at 7:13 p.m., using coded

language in a telephone call, defendant CASTANEDA advised defendant GONZALEZ that drugs would be arriving between 8:00 and 8:30 p.m. that day.

33. On September 12, 2013, at 7:58 p.m., using coded language in a telephone call, defendant CASTANEDA advised defendant GONZALEZ that the drug delivery would be in approximately one hour and instructed defendant GONZALEZ to remain at Mem's Auto Service.

34. On September 12, 2013, at 9:15 p.m., using coded language in a telephone call, defendant CASTANEDA advised defendant GONZALEZ that the drug courier would be arriving in approximately two to three minutes.

35. On September 12, 2013, at 9:17 p.m., using coded language in a telephone call, defendant CASTANEDA instructed defendant GONZALEZ to open Mem's Auto Service because the drug courier was calling defendant CASTANEDA and might be there, and defendant GONZALEZ advised defendant CASTANEDA that the shop was already open.

36. On September 12, 2013, at 9:22 p.m., using coded language in a telephone call, defendant CASTANEDA instructed defendant GONZALEZ to meet him at 8:00 a.m. the next day.

37. On September 25, 2013, in Lynwood, California, defendant GONZALEZ possessed in his residence approximately 10 pounds, that is, approximately 4,456 grams, of a mixture and substance containing a detectable amount of methamphetamine.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about August 5, 2013, in Los Angeles County, within the Central District of California, defendants ANGEL CASTANEDA, First Name Unknown ("FNU") Last Name Unknown ("LNU"), also known as "Poly," JORGE LNU, RICARDO SALAS, and LUIS RAMIREZ JR., each intentionally aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 859.7 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about September 25, 2013, in Los Angeles County, within the Central District of California, defendant MELVIN GONZALEZ, also known as ("aka") "Giovanni," aka "Jovani Reyes," aka "Zerote," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 4,456 grams, of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

A TRUE BILL

/S/
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RODRIGO A. CASTRO-SILVA
Assistant United States Attorney
Chief, Organized Crime Drug
   Enforcement Task Force Section

RASHA GERGES
Assistant United States Attorney
Deputy Chief, Organized Crime
   Drug Enforcement Task Force Section

VICKI CHOU
Assistant United States Attorney
Organized Crime Drug Enforcement
   Task Force Section